UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LLOYD HOUSTON,<br><br>   Plaintiff,<br><br>   v.<br><br>RIO CONSUMNES CORRECTIONAL FACILITY, et al.,<br><br>   Defendants. | No.  2:15-cv-2055 KJN P<br><br><br>ORDER |

Plaintiff is a county prisoner and is proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

1   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
2   In reviewing a complaint under this standard, the court must accept as true the allegations of the
3   complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.
4   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468
5   U.S. 183 (1984).

6        Named as defendants are the Rio Consumes Correctional Facility ("RCCF") and the
7   Sacramento Health Services Unit.  Plaintiff alleges that he suffers from hepatitis C and
8   schizophrenia.  Plaintiff alleges that he was informed that he would receive no treatment for
9   hepatitis C while housed at RCCF because of a policy not to treat this disease.  Plaintiff also
10  alleges that he has been denied his medication, Resperdol, for schizophrenia.  Plaintiff seeks
11  money damages and injunctive relief.

12       Under § 1983, a "person" may be sued for the deprivation of federal rights, and
13  municipalities or other governmental bodies may be sued as a "person."  Monell v. Dep't of Soc.
14  Servs., 436 U.S. 658, 690 (1978).  Plaintiff names RCCF and the Sacramento Health Services
15  Unit as defendants; however, an agency or department of a municipal entity is not a proper
16  defendant under § 1983.  Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996).
17  Rather, the county itself is the proper defendant.  See id.

18       Further, "[a] municipality cannot be held liable solely because it employs a tortfeasor-or,
19  in other words, a municipality cannot be held liable under § 1983 on a respondeat superior
20  theory."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691(1978).  Municipal liability under
21  Monell may be established in any of three ways: (1) "the plaintiff may prove that a city employee
22  committed the alleged constitutional violation pursuant to a formal governmental policy or a
23  longstanding practice or custom which constitutes the standard operating procedure of the local
24  governmental entity"; (2) "the plaintiff may establish that the individual who committed the
25  constitutional tort was an official with final policy-making authority and that the challenged
26  action itself thus constituted an act of official governmental policy"; or (3) "the plaintiff may
27  prove that an official with final policy-making authority ratified a subordinate's unconstitutional
28  decision or action and the basis for it."  Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir.

1  1992).

2  Accordingly, plaintiff's complaint is dismissed with leave to amend. If plaintiff files an
3  amended complaint, he may name Sacramento County as a defendant so long as he meets the
4  legal standard set forth above. If plaintiff is claiming that he was denied treatment for hepatitis C
5  and access to Resperdol pursuant to a Sacramento County policy, this must be clearly alleged in
6  an amended complaint. Plaintiff may also name as defendants those persons who denied his
7  request for treatment for hepatitis C and his request for Resperdol.

8  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
9  about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
10 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
11 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
12 some affirmative link or connection between a defendant's actions and the claimed deprivation.
13 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
14 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
15 rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
17 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading. This requirement exists
19 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
20 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
21 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
22 original complaint, each claim and the involvement of each defendant must be sufficiently
23 alleged.

24 In accordance with the above, IT IS HEREBY ORDERED that:

25 1. Plaintiff's request for leave to proceed in forma pauperis is granted.

26 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
27 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
28 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Sacramento County Sheriff's Department filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 16, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hou2055.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON LLOYD HOUSTON,

    Plaintiff,

    v.

RIO CONSUMNES CORRECTIONAL

FACILITY, et al.,

    Defendants.               No. 2: 15-cv-2055 KJN P

                                NOTICE OF AMENDMENT

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

                                _____

                                Plaintiff