UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LLOYD HOUSTON, | No. 2: 15-cv-2055 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| RIO CONSUMNES CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Plaintiff's Motion to Compel (ECF No. 34)

In the August 18, 2016 motion to compel, plaintiff alleges that he served defendants with interrogatories on July 13, 2016, to which they failed to respond. (ECF No. 34.) Plaintiff requests that defendants be sanctioned and ordered to respond to the interrogatories. (Id.)

In the opposition to the motion to compel (ECF No. 35), defendants observe that the discovery order, filed June 1, 2016, states that responses to discovery requests are due forty-five days after the requests are served. (See ECF No. 31 at 4.) Defendants state that plaintiff served his interrogatories on July 13, 2016, and a request for admissions on July 17, 2016. (ECF No. 35.) Defendants state that their last day to serve a response to the interrogatories is August 29,

1

1   2016, and the last day to serve a response to the request for admissions is September 5, 2016, i.e.,
2   forty-five days from service of the discovery request, plus three additional days for service
3   pursuant to Federal Rule of Civil Procedure 6.
4       Defendants are correct that their responses to plaintiff's discovery requests are not due
5   until forty-five days after the requests are served.  Therefore, defendants did not fail to serve
6   plaintiff with timely responses to his interrogatories.  Plaintiff's motion to compel is denied.
7       In the opposition, defendants argue that plaintiff's motion to compel is frivolous.
8   Defendants request that plaintiff be sanctioned $390, the attorneys' fees incurred by defendants to
9   respond to plaintiff's motion.  If a motion to compel is denied, Federal Rule of Civil Procedure
10  37(a)(5)(B) authorizes the court to order the moving party to pay attorney's fees unless
11  circumstances make an award of expenses unjust.
12      Because plaintiff is a pro se litigant, the undersigned finds that the award of attorney's
13  fees is unjust.  However, by this order, plaintiff is reminded regarding when responses to
14  discovery requests are due.
15  <u>Plaintiff's Motion to Accept Defendants' Failure to Respond to Request for Admissions (ECF</u>
16  <u>No. 36)</u>
17      In this motion filed August 25, 2016, plaintiff argues that defendants did not provide
18  timely responses to his request for admissions and requests that his requests be deemed admitted.
19  In their opposition to this motion, defendants argue that because he served his requests for
20  admissions on July 17, 2016, defendants' responses were due forty-five days later on September
21  5, 2016.  (ECF No. 41.)  Defendants state that they served plaintiff with their responses to the
22  requests for admissions on August 26, 2016.  (<u>Id.</u>)
23      The undersigned finds that defendants did not fail to provide plaintiff with untimely
24  responses to his request for admissions.  Accordingly, plaintiff's motion to deem his request for
25  admissions admitted is denied.
26      In their opposition, defendants request that plaintiff be sanctioned pursuant to Federal
27  Rule of Civil Procedure 11 for bringing the "grossly premature" motion alleging defendants'
28  failure to respond to his request for admissions.

1    It appears that both of plaintiff's motions alleging defendants' failure to provide timely
2 discovery responses were based on plaintiff's misunderstanding regarding when the responses
3 were due.  Accordingly, sanctions pursuant to Rule 11 are not warranted.  Plaintiff has been
4 reminded regarding when discovery responses are due.

5 <u>Plaintiff's Request to Amend the Complaint</u>

6    On September 6, 2016, plaintiff filed a letter addressed to the Clerk of the Court
7 requesting information regarding whether he is permitted to file a second amended complaint.
8 (ECF No. 39.)  This letter is docketed as a motion to file a second amended complaint.

9    Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may file a second amended
10 complaint only with the opposing party's written consent or the court's leave.  In addition, a
11 proposed second amended complaint should include a motion for leave to file a second amended
12 complaint.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  Plaintiff's motion to compel (ECF No. 34) is denied;

15    2.  Plaintiff's motion to accept defendants' failure to respond to his request for admissions
16 (ECF No. 36) is denied;

17    3.  Plaintiff's motion to file a second amended complaint (ECF No. 39) is deemed
18 resolved.

19 Dated:  September 23, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hou2055.com