UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LLOYD HOUSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>RIO CONSUMNES CORRECTIONAL FACILITY, et al.,<br><br>    Defendants. | No. 2: 15-cv-2055 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

<u>Second Amended Complaint</u>

On October 17, 2016, plaintiff filed a proposed second amended complaint. (ECF No. 45.) Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a)(2). An answer was filed on May 27, 2016. (ECF No. 27.) Plaintiff did not file a motion to amend or a stipulation to amend the complaint signed by all parties. Plaintiff's amended complaint is therefore stricken, and this action will proceed on the amended complaint filed October 26, 2015.[1] (ECF No. 7.)

---

[1] The only defendant in this action is Sacramento County. In the first amended complaint, plaintiff alleges that he failed to receive treatment for hepatitis C pursuant to a county policy not

1

Plaintiff's Motion to Continue Discovery

On September 29, 2016, plaintiff filed a motion to continue the discovery deadline for 90 days.  (ECF No. 44.)  Pursuant to the June 1, 2016 discovery and scheduling order, the discovery deadline was October 7, 2016.  (ECF No. 31.)  In the pending motion, plaintiff requests that the discovery deadline be extended because he is incarcerated at the Delano Reception Center and is being processed to be sent to a mainline prison.  Plaintiff alleges that he requires additional time to obtain the necessary resources to present his case and to properly conduct discovery.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.

The undersigned observes that on July 8, 2016, plaintiff filed a notice of change of address indicating that he was recently transferred to North Kern State Prison ("NKSP") in Delano, California, apparently the Delano Reception Center.  On August 18, 2016, plaintiff filed a motion to compel alleging that defendants failed to respond to interrogatories served on them on July 13, 2016. (ECF No. 34.)  Thus, it appears that plaintiff was able to conduct discovery while housed at the Delano Reception Center, i.e., NKSP

The undersigned also observes that, in the motion to continue discovery, plaintiff does not identify any additional discovery he intends to conduct.  For this reason, the undersigned is unable to determine whether plaintiff has shown good cause to continue the discovery deadline.

Because plaintiff has failed to show good cause to continue the discovery deadline, and because plaintiff has been able to conduct discovery while housed at NKSP, plaintiff's motion to continue the discovery deadline is denied.

---

to test, treat or cure hepatitis C.  The undersigned observes that the allegations and claims in the proposed second amended complaint are confusing.  Plaintiff again alleges that he failed to receive treatment for hepatitis C while housed in the Sacramento County Jail.  However, plaintiff suggests that the county had a policy to provide such treatment, but that his failure to receive treatment may have been caused by the failure of individual doctors to provide treatment.

Plaintiff's Motion to Compel

Plaintiff's motion to compel is court stamp filed on October 24, 2016. (ECF No. 47 at 1.) The motion to compel does not include a proof of service for the court to determine the date it was mailed and filed, pursuant to the mailbox rule. However, plaintiff signed the motion to compel on October 17, 2016. (Id. at 2.) Accordingly, the undersigned finds that plaintiff filed his motion to compel on October 17, 2016, pursuant to the mailbox rule. As discussed above, the discovery deadline was October 7, 2016.

In the motion to compel, plaintiff argues that he asked defendant to produce the Sacramento County Hepatitis C Administrative Policy. Plaintiff alleges that he requested the same policy from "internal affairs" under the California Right to Information Act. Plaintiff alleges that the while both defendant and "internal affairs" provided him with documents titled "Administrative Policy Number 1741," the documents are not the same. Plaintiff argues that defendant provided him with an altered policy in an attempt to mislead him.

In the opposition, defendant argues that plaintiff's motion to compel is untimely. Defendant also argues that it provided plaintiff with the "correct" Administrative Policy 1741. Defendant argues that the version of Administrative Policy Number 1741 plaintiff received from internal affairs is presumably an older version.

While plaintiff's motion to compel is untimely, in the interest of judicial economy and clarification defendant is directed to file a short pleading clarifying the effective date of the policy it provided plaintiff in response to his request for production of documents.

Defendant's Summary Judgment Motion

On December 16, 2016 defendant filed a summary judgment motion. Plaintiff is granted thirty days from the date of this order to file his opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 45) is stricken;

2. Plaintiff's motion to continue discovery (ECF No. 44) is denied;

3. Plaintiff's motion to compel (ECF No. 47) is denied;

////

      4. Within seven days of the date of this order, defendant shall file a short pleading clarifying the effective date of the policy it provided plaintiff in response to his request for production of documents (as well as the date of the policy provided by Internal Affairs if defendant can ascertain it);

      5. Plaintiff's opposition to defendant's summary judgment motion is due within thirty days of the date of this order.

Dated:  December 29, 2016

Hou2055.clp

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE